[No. 30203-9-II.  Division Two.  April 20, 2004.]

R&G PROBST, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Don William Taylor*, for appellant.

*Christine O. Gregoire, Attorney General,* and *James S. Johnson, Assistant,* for respondent.

HOUGHTON, J. — After an audit, the Department of Labor and Industries (L&I) assessed Diamond Driving School $68,028.76 for unpaid industrial insurance premiums, plus penalties and interest. An Industrial Appeals Judge (IAJ) reversed a portion of the penalties and premiums and remanded for assessment recalculation. Both L&I and Diamond appealed to the Board of Industrial Insurance Appeals (BIIA), which reinstated the L&I assessment.

Diamond appeals from the superior court's ruling affirming the L&I assessment, arguing that its partners and independent contractors were exempt from premiums. We affirm.

## FACTS

Diamond provided driver's education classes at 15 Washington locations. Diamond's owners, Gary and Roselani Probst, created a joint venture partnership with David Sedelmeier[1] and Murray Taylor, who brought additional skills or resources to Diamond.[2] In creating the joint venture, Gary Probst (Probst) intended to exempt its instructors from industrial insurance premiums and other business-related fees by making them independent contractors.[3]

Each instructor entered into an independent contractor agreement with Diamond to provide classroom and driving instruction. Diamond allowed the instructors great latitude in their business operations including: choosing teaching curricula, working from home, setting classroom and driving schedules, and maintaining bookkeeping and tax records. But Diamond retained fiscal control over the instructors because it: set tuition; collected fees; and paid the instructors' hourly wage, less the instructors' operational costs. Diamond also leased instructional vehicles and classrooms to Sedelmeier who, in turn, generally subleased the vehicles and classrooms to instructors.

Between January 1, 1997 and December 31, 1999, Diamond paid no industrial insurance premiums on behalf of the joint venture partners or Diamond's instructors. In 1998, the Superintendent of Public Instruction (SPI) asked L&I to determine whether Diamond's instructors func-

---

[1] Sedelmeier left the joint venture in 1999.

[2] Probst served as lead partner. Sedelmeier served as the general manager. And Taylor held instructor certifications from the Department of Licensing and the Superintendent of Public Instruction.

[3] RCW 51.08.195 allows an industrial insurance premium exemption for independent contractors who meet six statutory requirements.

tioned as independent contractors exempt from industrial insurance premiums.

On November 4, 1998, L&I auditor, Pete Doellinger, spoke to Probst. During the conversation, Probst confirmed that a previous L&I audit resulted in no assessment. In spring 1999, Doellinger formally requested that Diamond and Sedelmeier produce business records, including: cancelled checks, independent contractor agreements and lease receipts, timecards, books, corporate minutes, and classroom locations.[4]

On April 24, 1999, Probst produced only one blank and one signed independent contractor agreement. Instead of producing documents, Sedelmeier asked Doellinger to provide him with the statutory and constitutional authority for the audit.

Doellinger made a second formal request for Diamond's business records. He advised Diamond that further refusal to produce the documents would subject it to penalties and interest. Diamond did not respond. On October 28, 1999, Doellinger subpoenaed Diamond's business records. Diamond did not respond.

On December 8, 1999, Sedelmeier and two instructors, Robert Sheridan and Dan Barker, appeared through their attorney. They submitted identical declarations affirming their exempt independent contractor status, copies of their independent contractor agreements, and copies of their Department of Licensing (DOL) instructor certificates. Probst, Sedelmeier, Sheridan, and Barker met with Doellinger on December 8, 1999. Probst did not submit any further written materials to Doellinger.

On March 1, 2000, Doellinger notified Sedelmeier, Sheridan, and Barker's attorney that his audit of Sedelmeier's business was closed because he concluded that all of the instructors were employees of Diamond and, therefore, Diamond owed the back premiums. Because Diamond failed to provide requested information or cooper-

---

[4] L&I never audited Taylor.

ate in the audit, Doellinger followed RCW 51.16.155[5] and estimated Diamond's premiums based on DOL and SPI records. The records indicated that Diamond had 35 instructors.[6] L&I assessed Diamond $68,028.76 in unpaid employee industrial insurance premiums, penalties, and interest. Doellinger's employee estimate did not take into account the partners' status and included the partners in the list of 35 total instructors.

Diamond requested a hearing before an IAJ. Diamond produced limited business records at the hearing without L&I's objection. The IAJ found that Diamond kept adequate business records and that producing the documents at the hearing allowed L&I to accurately assess Diamond's liability. The IAJ directed L&I to exempt Probst, Sedelmeier, and Taylor as partners and to concomitantly reduce Diamond's assessment.

Both L&I and Diamond sought BIIA review of the IAJ decision. BIIA incorporated most of the IAJ's findings. But it found that Diamond did not keep adequate business records. It also found that, although the law exempted Probst, Sedelmeier, and Taylor as partners, the IAJ should not have ordered an assessment recalculation because RCW 51.48.040 barred Diamond from contesting the initial assessment for failing to produce documents on L&I's request and that the failure "obstructed [L&I's] statutory obligation to administer the Industrial Insurance Act."[7] Clerk's Papers (CP) at 7.

Diamond appealed the BIIA decision to the superior court, which affirmed the L&I assessment. Diamond appeals.

---

[5] RCW 51.16.155 provides that "[i]n every case where an employer insured with the state fails or refuses to file any report of payroll required by the department and fails or refuses to pay the premiums due on such unreported payroll, [L&I] shall have authority to estimate such payroll and the premiums due thereon and collect premiums on the basis of such estimate."

[6] But Exhibits 7 and 8 disclose 45 independent contractor contracts.

[7] BIIA stated in its Decision and Order that "[the records] were admitted without objection, but they form no basis for our decision." Clerk's Papers at 5.

## ANALYSIS

Diamond contends that BIIA and the superior court erred in affirming the L&I $68,028.76 assessment. It asserts that it did not have employees, but rather independent contractors and joint venture partners who were exempt from industrial insurance premiums. It also argues that after BIIA found that during the period of audit, "Gary Probst, David Sedelmeier, and Murray Taylor were general partners and exempt from industrial insurance coverage," it erred in not remanding for an assessment recalculation deleting the partners. Appellant's Br. at 7.

We review a BIIA assessment appeal under the Administrative Procedure Act based on the record before BIIA and not on that before the superior court. Chapter 34.05 RCW; RCW 51.48.131; *Dep't of Labor & Indus. v. Mitchell Bros. Truck Line*, 113 Wn. App. 700, 704, 54 P.3d 711 (2002). We review BIIA's findings of fact for substantial evidence, that is, evidence sufficient to persuade a fair-minded, rational person of the truth of the matter. *Hamel v. Employment Sec. Dep't*, 93 Wn. App. 140, 144, 966 P.2d 1282 (1998), *review denied*, 137 Wn.2d 1036 (1999). Diamond bears the burden of proving the invalidity of L&I's assessment. RCW 51.48.131; *Mitchell Bros.*, 113 Wn. App. at 704.

Diamond assigns error to two BIIA findings of fact:

> Diamond Driving School failed to present records when requested by the Department of Labor and Industries through its authorized auditor, Peter Doellinger, for driving instructors employed by Diamond during the audit period of January 1, 1997 through December 31, 1999.

Finding of fact 10 (CP at 9).

> After receiving a subpoena for records covering the audit period of January 1, 1997 through December 31, 1999, from the Department of Labor and Industries on October 28, 1999, Mr. and Mrs. Probst et ux, dba Diamond Driving School, failed to demonstrate a good faith basis that the employer was not subject to industrial insurance as it did not produce any records adequate to determine the status of the driving instructors for

the purposes of the industrial insurance coverage and to determine if industrial insurance taxes were owed to the State Fund.

Finding of fact 11 (CP at 10).

Under RCW 51.48.040, an employer's books, records, and payroll must be open to inspection by L&I's traveling auditor "for . . . ascertaining the correctness of the payroll, the persons employed, and such other information" as may be necessary for industrial insurance purposes. It further states that:

> Any employer who *fails to allow adequate inspection* in accordance with the requirements of this section is subject to having its certificate of coverage revoked by order of the department and *is forever barred from questioning in any proceeding in front of the board of industrial insurance appeals or any court, the correctness of any assessment by the department based on any period for which such records have not been produced for inspection.*

RCW 51.48.040 (emphasis added).

We review statutes de novo. *Stone v. S.W. Suburban Sewer Dist.*, 116 Wn. App. 434, 438, 65 P.3d 1230 (2003). Where unambiguous, we derive the legislature's intent and statutory meaning from the statute's plain language. *Stone*, 116 Wn. App. at 438.

Clearly, RCW 51.48.040 provides that employers must cooperate with an industrial insurance audit or face significant penalties, including legal and monetary sanctions. RCW 51.48.030;[8] RCW 51.48.040. Diamond did not produce its records when requested to do so. L&I advised

---

[8] RCW 51.48.030 provides that:

Every employer who fails to keep and preserve the records required by this title or fails to make the reports provided in this title shall be subject to a penalty determined by the director but not to exceed two hundred fifty dollars or two hundred percent of the quarterly tax for each such offense, whichever is greater. Any employer, who fails to keep and preserve the records adequate to determine taxes due shall be forever barred from questioning, in an appeal before the board of industrial insurance appeals or the courts, the correctness of any assessment by the department based on any period for which such records have not been kept and preserved.

Diamond that its failing to cooperate in the audit would result in penalties. Nevertheless, Diamond's cooperation consisted of producing only one blank and one signed independent contractor agreement. And at the IAJ hearing, Diamond produced limited records (IRS 1099 forms and copies of instructor certifications) but none of the business records L&I properly and repeatedly requested.

Substantial evidence supports BIIA's finding that Diamond did not cooperate with the L&I audit and although Probst, Sedelmeier, and Taylor as general partners were exempt from industrial insurance coverage, RCW 51.48.040 clearly bars Diamond from questioning any portion of the assessment's correctness.

Affirmed.

QUINN-BRINTNALL, C.J., and Armstrong, J., concur.

Review denied at 152 Wn.2d 1034 (2004).