IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| TED D. NELSON, | ) | No. 81842-2-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR | ) | |
| AND INDUSTRIES OF THE STATE | ) | |
| OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — A person receiving worker's compensation benefits must appeal a decision from the Department of Labor and Industries (Department) within 60 days or the decision becomes final. Because Ted Nelson did not appeal an August 6, 2015 order from the Department until January 20, 2016, the superior court did not err by rejecting his appeal as untimely.

Because the invited error doctrine does not apply to decisions not designated for review, we decline to conclude the Department is estopped from arguing Nelson's appeal was untimely.

We also reject Nelson's arguments about procedural due process because he does not demonstrate his failure to avail himself of his opportunity to be heard constitutes a deprivation of his due process rights.

Therefore, we affirm.

FACTS[1]

Ted Nelson suffered a workplace injury and, in February 2015, began receiving worker's compensation benefits. In July 2015, Nelson received a letter from the Department stating that on August 1, 2015, his benefits would be adjusted to reflect his receipt of Social Security benefits. Nelson received an order dated August 6, 2015, stating his reduced compensation rate after applying an offset for his Social Security benefits. Nelson did not appeal or request reconsideration of this order.

On January 20, 2016, the Department sent Nelson a "Notice of Decision" stating, "Your compensation rate continues to be reduced effective 06/01/2015 due to Social Security offset established by the order dated 08/06/2015."[2] Nelson protested this decision on March 8, 2016, and argued a Social Security offset should not apply. On March 22, the Department made a substantial upward adjustment in Nelson's monthly benefit but maintained the Social Security offset. Nelson protested this order on May 16, 2016, and again argued the Social Security offset should not apply. The Board of Industrial Insurance Appeals (BIIA) declined to reconsider the August 6, 2015 order because Nelson

---

[1] All facts are taken from the stipulated facts that were before the Board of Industrial Insurance Appeals, Certified Appeal Board Record (CABR) at 221-26, except where otherwise noted. Nelson does not assign error to these facts, and they are verities on appeal. Stone v. State, Dep't of Labor & Indus., 172 Wn. App. 256, 260, 289 P.3d 720 (2012).

[2] CABR at 242.

appealed after the 60-day statutory limitations period.  Nelson appealed this decision to the superior court, which affirmed the Department.

Nelson appeals.

ANALYSIS

Nelson contends the Department "mischaracterized the nature of his dispute as one of timeliness of appeal and denied him the very opportunity to fully and fairly dispute the merit of his claim, which was the <u>past</u> application of the Social Security offset against his current time-loss compensation."[3]

We review de novo the decision of the superior court after its consideration of an appeal from a decision of the BIIA.[4]  We limit ourselves to the record before the BIIA.[5]  RCW 51.52.060(1)(a) requires that a worker must appeal a decision of the Department within 60 days, or "the claim is deemed 'res judicata on the issues the order encompassed, and [t]he failure to appeal an order . . . turns the order into a final adjudication, precluding any reargument.'"[6]

---

[3] Appellant's Br. at 17.

[4] <u>Rogers v. Dep't of Labor & Indus.</u>, 151 Wn. App. 174, 180, 210 P.3d 355 (2009)) (quoting <u>Watson v. Dep't of Labor & Indus.</u>, 133 Wn. App. 903, 909, 138 P.3d 177 (2006)).

[5] <u>Arriaga v. Dep't of Labor & Indus.</u>, 183 Wn. App. 817, 822, 335 P.3d 977 (2014) (citing RCW 51.52.115; <u>Rabey v. Dep't of Labor & Indus.</u>, 101 Wn. App. 390, 393, 3 P.3d 217 (2000)).

[6] <u>Pearson v. State Dep't of Labor & Indus.</u>, 164 Wn. App. 426, 433, 262 P.3d 837 (2011) (emphasis omitted) (alterations in original) (quoting <u>Kustura v. Dep't of Labor & Indus.</u>, 142 Wn.2d 655, 669, 175 P.3d 1117 (2008)).

The record does not support Nelson's characterization of the issue here. On August 6, 2015, the Department issued an order reducing Nelson's worker's compensation benefits based upon his receipt of Social Security benefits. Nelson stipulated that he did not appeal this order within 60 days. In his appeal to the BIIA, Nelson agreed the issue was "[w]hether the May 12, 2016, protest of the August 6, 2015 Department order was timely filed."[7] He asked that "the Board excuse [his] untimely protest of the Department's August 6, 2015 order under [its] equitable powers and reverse the Department's August 6, 2015 order."[8] The BIIA rejected Nelson's appeal of the August 6, 2015 order as untimely. In his appeal to the superior court, Nelson again agreed his protest of the August 6, 2015 order was untimely but contended the January 20, 2016 order continued to apply the August 6 order, allowing him to appeal the August 6 order. The court rejected this argument and affirmed the BIIA.

Contrary to Nelson's position before this court, the primary issue at every stage of the proceedings has been whether he timely appealed the August 6, 2015 order that applied the Social Security offset. Nelson, by his own admission, failed to appeal the August 6, 2015 order within 60 days, and that order became "a final adjudication, precluding any reargument."[9] Nelson fails to cite any authority for the proposition that the Department's continuing application of the final August 6, 2015 decision allows a belated, collateral

---

[7] CABR at 204.
[8] CABR at 205.
[9] Pearson, 164 Wn. App. at 433; RCW 51.52.060(1)(a).

4

attack on that decision.  Because he did not appeal the Department's August 6, 2015 decision within 60 days and fails to cite any authority that the January 2016 order reopened it for collateral attack, Nelson fails to establish the superior court erred when it affirmed the BIIA.

Nelson contends, however, the invited error doctrine estops the Department from arguing his appeal was untimely.  The invited error doctrine applies "'when a party takes affirmative and voluntary action that induces the trial court to take the action that the party later challenges on appeal.'"[10]  The doctrine does not apply here because the Department has not challenged anything on appeal.

Nelson argues his procedural due process rights were violated by the superior court's refusal to consider the merits of his appeal after concluding his appeal was untimely.  We review constitutional claims de novo as questions of law.[11]  A person's procedural due process rights entitle them to "'the opportunity to be heard'" and notice sufficient to allow them to use that opportunity to present their objections.[12]

---

[10] Matter of Salinas, 189 Wn.2d 747, 757, 408 P.3d 344 (2018) (quoting 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 88.4, at 758 (2015 ed.)).

[11] Dellen Wood Prods., Inc. v. Wash. State Dep't of Labor & Indus., 179 Wn. App. 601, 626, 319 P.3d 847 (2014) (citing State v. Billie, 132 Wn.2d 484, 489, 939 P.2d 691 (1997)).

[12] Tobin v. Dep't of Labor & Indus., 145 Wn. App. 607, 619, 187 P.3d 780 (2008) (quoting Olympic Forest Prods., Inc. v. Chaussee Corp., 82 Wn.2d 418, 422, 511 P.2d 1002 (1973)).

Nelson does not contest he received notice of the Department's August 6, 2015 decision or had a 60-day opportunity to object to it. He does not argue RCW 51.52.060(1)(a) is facially unconstitutional. Thus, the question is whether RCW 51.52.060(1)(a), as applied here, deprived Nelson of an opportunity to be heard. Because Nelson had an opportunity to object to the Department's decision and did not invoke that right within the limitations period, he fails to establish a violation of his due process rights.

Nelson also argues his due process rights were harmed by the Department's use of temporary orders to adjust his payments. The premise of his argument is that an appealable, non-temporary order would have allowed him to challenge the validity of the August 6, 2015 order. But none of the orders changed the Department's decision to apply a Social Security offset, so appealing those decisions would not have allowed a collateral attack on the August 6, 2015 order. Further, Nelson admits he raises this constitutional argument for the first time on appeal. It is not properly before us.[13] RAP 2.5(a) allows consideration of a "manifest error affecting a constitutional right" raised for the first time on appeal. A "manifest error" is one that "'actually affected the [appellant]'s rights at trial.'"[14] Because Nelson fails to show how this alleged

---

[13] RAP 2.5(a).

[14] Eyman v. McGehee, 173 Wn. App. 684, 698-99, 294 P.3d 847 (2013) (alteration in original) (quoting State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)).

error actually affected the proceedings before the BIIA or superior court,[15] he fails to establish any manifest error, and we decline to consider it.

Therefore, we affirm.

WE CONCUR:

---

[15] See State v. WWJ Corp., 138 Wn.2d 595, 602, 980 P.2d 1257 (1999) ("If the record from the trial court is insufficient to determine the merits of the constitutional claim, then the claimed error is not manifest and review is not warranted.") (citing State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995)).