# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT BACKSTEIN, | No. 57538-8-II |
| Respondent, | |
| v. | |
| THE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Robert Backstein worked as a firefighter for the City of Kent from 1987-2010 and the Puget Sound Regional Fire Authority from 2010-2017. Backstein filed four workers' compensation claims for benefits related to occupational diseases that he alleged he sustained from his work as a firefighter. One of these claims, Claim No. BC-21081, was filed in October 2017. This claim was for coronary artery disease. For this claim, Backstein did not send a notification to the Department of Labor and Industries (Department) appointing an attorney as his representative as required by RCW 51.04.080.[1] The Department sent an order rejecting this claim for benefits on December 12, 2018. The order was sent to Backstein and his physician, but it was not sent to the attorney who was representing Backstein in two of his other claims.

---

[1] In two of the four claims filed by Backstein (the first and second ones), Backstein filed a notice with the Department pursuant to RCW 51.04.080 appointing an attorney as his representative in those claims. In the third and fourth claims, Backstein did not designate an attorney representative.

On November 4, 2019, Backstein protested the Department's order rejecting his claim. On November 21, 2019, the Department notified Backstein that it could not reconsider his claim because the protest was not received within the 60-day time limitation. On January 6, 2020, Backstein appealed the Department's December 12, 2018 order denying his claim and the November 21, 2019 order denying reconsideration to the Board of Industrial Insurance Appeals (Board). The parties subsequently filed cross-motions for summary judgment. The Industrial Appeals Judge (IAJ) granted the Department's motion for summary judgment and denied Backstein's cross-motion for summary judgment, and affirmed the Department's December 12, 2018 order denying Backstein's claim and the November 21, 2019 order rejecting Backstein's protest of the denial. Backstein petitioned for the Board to review the IAJ's "Proposed Decision and Order" regarding Backstein's claim. The Board affirmed the Department's December 12, 2018 and November 21, 2019 orders. Backstein then appealed the Board's decision in Pierce County Superior Court.

The superior court reversed the Board's order on equitable grounds and remanded to the Department to reconsider its December 12, 2018 order rejecting Backstein's fourth claim. The Department appeals the superior court's order.

We hold that (1) the superior court erred by ruling that the Department's failure to serve a copy of the rejection order on Backstein's attorney for his other claims (but not this claim) amounted to a substantial injustice where Backstein did not follow the written procedure under RCW 51.04.080, and (2) that the superior court erred in concluding that the claimant's protest and appeal were therefore timely on equitable grounds. Thus, we reverse the superior court's order,

and remand with instructions to reinstate the Board's April 14, 2021 order dismissing Backstein's appeal on Claim No. BC-21081.

FACTS

Backstein worked as a firefighter for the City of Kent from 1987-2010 and then the Puget Sound Regional Fire Authority from 2010 until his retirement in 2017. Backstein filed four workers' compensation claims for benefits related to occupational diseases that he asserted were sustained as a result of his work as a firefighter. In June 2017, Backstein submitted his first claim, Claim No. SE18218 (first claim), and sent a written notice to the Department that he was represented by his attorney, stating in part, "Please note that this is also A CHANGE OF ADDRESS. All correspondence should now be mailed to my attorney . . ." Clerk's Papers (CP) at 449 (emphasis omitted). In August 2017, Backstein submitted his second claim, Claim No. BC-21079 (second claim), and again sent written notice to the Department that he was represented by his attorney, stating in part, "Please note that this is also A CHANGE OF ADDRESS. All correspondence should now be mailed to my attorney . . ." *Id.* (emphasis omitted). The Department received Backstein's letter on October 30, 2017.

On October 6, 2017, Backstein filed Claim No. BC-21080 (third claim). For this claim, Backstein did not file a written notice that he was represented by an attorney. On October 31, 2017, Backstein filed his fourth claim, Claim No. BC-21081 (fourth claim, claim, or Claim No. BC-21081) for coronary artery disease with the Department.[2] Backstein claimed that the coronary artery disease resulted from radiation treatment that he received for his cancer diagnosis that he

---

[2] The BC-21081 "Report of Accident" is dated October 25, 2017 (Backstein) and October 27, 2017 (portion filled out by Backstein's physician), however it is stamped October 31, 2017, which appears to be the date that the Department received Backstein's fourth claim.

attributed to an occupational disease. On November 10, 2017, Backstein filed an occupational disease and employment history form with the Department under his second claim for chronic obstructive pulmonary disease. Backstein did not send written notice to the Department that he was represented by an attorney in either his third or fourth claims.

On December 12, 2018, the Department rejected Backstein's fourth claim. The Department's rejection letter stated:

> Your contention indicates you believe the coronary artery disease was caused by radiation for non-Hodgkins lymphoma. As that condition is allowed under another claim, SE18218, any conditions you feel may be related to that condition or [its] treatment should be contended under that claim. That is a self insured claim, therefore you will want to address that contention with that employer (City of Kent) if you wish to pursue this matter.
>
> If you are in disagreement with this decision, you may protest. Any protest must be received within sixty days of the date you receive the determination.

*Id.* at 66.

The Department sent its December 12, 2018 rejection notice to Backstein at his last known address and to his physician.[3] The rejection order was not sent to Backstein's attorney on his other claims. On the same day, the Department also rejected Backstein's third claim. However, in addition to sending notice of the claim rejection to Backstein, the Department mistakenly also sent the rejection notice to Backstein's attorney in his other claims, even though Backstein did not send written notice to the Department pursuant to RCW 51.04.080 that the attorney was a representative for him on the third claim.

---

[3] There is no dispute that the Department's December 12, 2018 rejection order was sent to Backstein and his physician.

The Department deposed Backstein regarding his various claims on May 29, 2019. On November 4, 2019, Backstein protested the December 12, 2018 decision to close his fourth claim. Backstein contended, in part, that the Department's order rejecting his fourth claim was not properly communicated to his attorney as required by RCW 51.52.050 and RCW 51.04.080. On November 21, 2019, the Department notified Backstein that it could not reconsider his fourth claim because his protest was not received within 60 days of the December 12, 2018 rejection order, making the order final and binding.

On January 6, 2020, Backstein appealed the Department's December 12, 2018 and November 21, 2019 orders regarding his fourth claim to the Board. He argued, *inter alia*, that the November 21, 2019 order was incorrect because the December 12, 2018 order was not properly communicated to Backstein's attorney under RCW 51.52.050 and RCW 51.04.080. On February 6, 2020, the Board issued an order agreeing to hear Backstein's appeal of the Department's December 12, 2018 rejection of his fourth claim, "subject to proof that it was filed within 60 days of the CLAIMANT's receipt of the decision." *Id.* at 923.

The parties filed cross-motions for summary judgment regarding Backstein's fourth claim. The IAJ affirmed the Department's December 12, 2018 order rejecting Backstein's fourth claim, and the November 21, 2019 order that declined to consider Backstein's appeal of his fourth claim. The IAJ granted the Department's motion for summary judgment and denied Backstein's motion for summary judgment. Backstein petitioned for the Board to review the IAJ's Proposed Decision and Order regarding Backstein's fourth claim.

The Board granted review of the IAJ's Proposed Decision and Order. The Board affirmed the Department's November 21, 2019 order and dismissed Backstein's appeal of the Board's

5

December 12, 2018 order. The Board concluded that Backstein's protest and appeal were untimely. As a result, the Board declined to address Backstein's arguments regarding the firefighter presumption and why his claim should be allowed. The Board reasoned that Backstein's appeal was untimely even if the Department knew, or should have known, that Backstein's attorney was representing him because the statutes at issue required a signed authorization before the Department was allowed to send orders to a representative of the injured worker. The Board also concluded that Backstein was not entitled to the remedy of equitable estoppel against the Department to excuse his untimely protest to the Department's December 12, 2018 order.

Backstein appealed the Board's decision in Pierce County Superior Court. The superior court, after hearing oral argument on the parties proposed orders, reversed the Board's order and remanded to the Department to reconsider its December 12, 2018 order rejecting Backstein's fourth claim. The superior court made written findings of fact and conclusions of law. The Department challenges the superior court's factual finding that its failure to serve a copy of its December 12, 2018 order on Backstein's attorney amounted to a substantial injustice to Backstein. The Department also assigns error to several of the superior court's conclusions of law, including:

> 1. Mr. Backstein's November 16, 2018[4] protest of the Department's December 12, 2018 order was timely.
> 2. Mr. Backstein's January 6, 2020 appeal of the December 12, 2018 order was timely.
> 3. The April 14, 2021 Board of Industrial Insurance Appeals decision and order is reversed in its entirety.
> 4. The matter is remanded to the Department to reconsider its December 12, 2018 Notice of Decision and take such further action as necessary under the facts and the law.

---

[4] The superior court incorrectly stated that Backstein protested on November 16, 2018. Backstein protested on November 4, 2019. On November 6, 2019, the protest was received and filed. This is clearly a typo as it would be impossible to appeal an order a month before it was entered.

*Id.* 1648.

Backstein moved for attorney fees, which the court granted after a hearing, on July 1, 2022. The Department appeals the superior court's order which reversed the Board's April 14, 2021 decision dismissing Backstein's appeal.

## DISCUSSION

The Department contends that the superior court erred in reversing the Board's order dismissing Backstein's appeal because RCW 51.04.080 requires the Department to send its orders and decisions directly to an injured worker unless the worker informs the Department in writing that it should send them to the worker's designated representative in that claim. The Department argues that the trial court erred in finding that it was a substantial injustice for it to not mail the rejection order in the fourth claim to Backstein's attorney. The Department also assigns error to the superior court's conclusion that Backstein's protest and appeal of the December 12, 2018 order were timely.

Backstein argues that the superior court's order should be affirmed because the Department knew that Backstein's attorney represented him and the Industrial Insurance Act (IIA) must be liberally construed in favor of the injured worker. Backstein contends that the November 21, 2019 order is incorrect because the December 12, 2018 order was not properly communicated to his attorney under RCW 51.04.080 and RCW 51.52.050. According to Backstein, the Department was on notice that his attorney represented him in the fourth claim because Backstein's "claim history documents" were transferred to his fourth claim and they included notice that Backstein's attorney was his legal representative. Br. of Resp't at 1. As a result, Backstein contends that the Department *should have* sent the its December 12, 2018 rejection order to Backstein's attorney.

The Department argues that giving notice on one claim does not give notice on another claim.

We agree with the Department.

A. LEGAL PRINCIPLES

The IIA, Title 51 RCW, governs workers' compensation claims. On appeal from the superior court for an industrial insurance claim, we review the superior court's decision, not the Board's order. *Leitner v. City of Tacoma*, 15 Wn. App. 2d 1, 12 476 P.3d 618 (2020); *see also* RCW 51.52.140. We review " 'whether substantial evidence supports the trial court's factual findings and . . . whether the trial court's conclusions of law flow from the findings.' " *Masco Corp. v. Suarez*, 7 Wn. App. 2d 342, 347, 433 P.3d 824 (2019) (quoting *Hendrickson v. Dep't of Lab. and Indus.*, 2 Wn. App. 2d 343, 351, 409 P.3d 1162 (2018)). Conclusions of law are reviewed de novo. *Id.* at 347. We review the superior court's decision in the same way we review other civil cases. RCW 51.52.140.

We review the fashioning of equitable remedies for an abuse of discretion. *Borton & Sons, Inc. v. Burbank Props., LLC*, 196 Wn.2d 199, 206, 471 P.3d 871 (2020). Although " 'the fashioning of the remedy may be reviewed for abuse of discretion, the question of whether equitable relief is appropriate is a question of law.' " *Id.* at 206 (quoting *Niemann v. Vaughn Cmty. Church*, 154 Wn.2d 365, 374, 113 P.3d 463 (2005)). The trial court abuses its discretion if the decision is based upon untenable grounds, or the decision is manifestly unreasonably or arbitrary. *Rabon v. City of Seattle*, 135 Wn.2d 278, 284, 957 P.2d 621 (1998).

Statutory interpretation is a question of law reviewed de novo. *Masco Corp.*, 7 Wn. App. 2d at 347. "The goal of statutory interpretation is to determine and give effect to the legislature's

intent." *Birgen v. Dep't of Lab. & Indus.*, 186 Wn. App. 851, 857, 347 P.3d 503 (2015). "If a statute is unambiguous, we must apply the statute's plain meaning as an expression of legislative intent without considering other sources." *Id.* at 857-858. We do not rewrite clear statutory language under the guise of interpretation. *Id.* at 858. Moreover, we give great weight to the Department's interpretation of the IIA. *Peterson v. Dep't of Lab. & Indus.*, 17 Wn. App. 2d 208, 217, 485 P.3d 338 (2021).

RCW 51.04.080 establishes the procedure that the Department must follow in sending notices, orders, and payments to claimants. The statute states:

> On all claims under this title, claimants' written notices, orders, or payments must be forwarded directly to the claimant until such time as there has been entered an order on the claim appealable to the board of industrial insurance appeals. Claimants' written notices, orders, or payments may be forwarded to the claimant in care of a representative before an order has been entered if the claimant sets forth in writing the name and address of the representative to whom the claimant desires this information to be forwarded.

RCW 51.04.080.

RCW 51.52.050(1) provides that an order becomes final 60 days after it is communicated to the parties unless a written request for reconsideration or appeal is filed. RCW 51.52.060(1) provides that a person aggrieved by a Department order must file a notice of appeal to the Board "within sixty days from the day on which a copy of the order, decision, or award was communicated to such person." "The failure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim." *Marley v. Dep't of Lab. & Indus.*, 125 Wn.2d 533, 538, 886 P.2d 189 (1994).

B. ANALYSIS

1. *RCW 51.04.080*

The plain language of the statute makes clear that the claimant must personally convey to the Department a notification that sets forth the representative's name and address if a claimant wants to have a Department order forwarded to their representative. The statute requires that a claimant's written notices, orders, or payments be forwarded directly to the claimant until there is an order on the claim that is appealable to the Board. However, the statute also allows the claimant to request that any written notices, orders, or payments be forwarded to a representative designated by the claimant to receive such materials, but the claimant must set forth "in writing the name and address of the representative to whom the claimant desires this information to be forwarded." RCW 51.04.080. Here, Backstein did not, in this fourth claim, make a written request authorizing the Department to forward notices to Backstein's attorney.

Nonetheless, the superior court found that the Department's failure to serve a copy of its December 12, 2018 order on Backstein's attorney amounted to a substantial injustice. Backstein argues that because the Department sent a copy of its rejection order to Backstein's attorney in the third claim, even though he did not file a notice of representation in that claim, the Department should have also served a copy of its December 12, 2018 order on the fourth claim to his attorney. We disagree with Backstein. In industrial insurance cases, there is no precedent for requiring the Department to repeat a mistake on one claim that it made on another. The Department followed RCW 51.04.080 in not sending the December 12, 2018 rejection order to Backstein's attorney.

In *Smith v. Department of Labor & Industries*, 22 Wn. App. 2d 500, 511, 512 P.3d 566, *review denied*, 200 Wn.2d 1013 (2022), Division One held that RCW 51.04.080 requires that

claimants, and not attorneys, "set forth in writing the name and address of the claimant's representative." The court concluded that the Department was not required to forward a copy of the rejection order to the attorney because the claimant did not send a notification to the Department setting forth the claimant's representative as required by RCW 51.04.080. *Id.* Here, like in *Smith*, Backstein did not provide the Department with a notification appointing his attorney as his representative regarding his fourth claim. Consequently, the Department was not required, or permitted, to send a copy of its December 12, 2018 rejection order to Backstein's attorney.

The Department contends that its transfer of 775 pages of "claim history" from Backstein's first claim to his fourth claim has no bearing on its statutory obligations under RCW 51.04.080. Br. of Appellant at 26-27. We agree with the Department because the statute provides a specific procedure that the claimant must follow in order for the Department to be authorized to send an order to the claimant's representative. Moreover, as Division One concluded in *Smith,* the statute's requirement encourages claimants to decide whether to pay the costs associated with representation. *Id.* at 509-510. Furthermore, the requirement provides clarity to the Department when it processes various claims because a claimant may elect to have a representative for one claim and not a separate claim. *Id.* at 510.

The Department contends that it did not establish a "custom and practice" when it sent Backstein's attorney the December 12, 2018 rejection order in the third claim. The Board rejected Backstein's argument in its April 14, 2021 decision and order, finding that the Department's mailing of one order in violation of the statute and Department policy was a mistake and did not establish a custom and practice. We agree with the Department because it followed RCW 51.04.080 in not sending the rejection order on his fourth claim to his attorney.

11

2. *RCW 51.52.050 and RCW 51.52.060*

Backstein failed to protest the Department's order rejecting his claim for over 10 months, and failed to appeal the Department's order rejecting his claim for over a year. Thus, Backstein's protest and appeal were filed long after the Department's order became final under RCW 51.52.050(1) and RCW 51.52.060(1). Nonetheless, the superior court concluded that Backstein's November 4, 2019 protest and January 6, 2020 appeal were timely.

In *Marley*, the supreme court clarified that where an aggrieved party has not appealed a final Department order deciding a claim within the applicable appeal period, that party is precluded from challenging the claim unless the order was void when entered. 125 Wn.2d at 538, 542-544. Here, the December 12, 2018 order became final on February 16, 2019, because Backstein did not challenge the order within the 60-day time period under RCW 51.52.050(1). Thus, the Department's order became final and his November 4, 2019 protest and January 6, 2020 appeal were untimely.

The tolling of the 60-day requirement set forth in RCW 51.52.050 and RCW 51.52.060 is only permitted in limited circumstances. *Kingery v. Dep't of Lab. & Indus.*, 132 Wn.2d 162, 174, 177-78, 937 P.2d 565 (1997); *Pearson v. Dep't of Lab. & Indus.*, 164 Wn. App. 426, 442-45, 262 P.3d 837 (2011); *Dep't of Lab. & Indus. v. Fields Corp*, 112 Wn. App. 450, 459, 45 P.3d 1121 (2002). Backstein does not explain why the superior court's imposition of equitable relief was proper. In industrial insurance cases, equitable relief is only appropriate where (1) the party was incompetent or otherwise unable to understand a Department order or circumstances outside the party's control rendered it impossible to file a timely appeal, (2) when the party was diligent in

pursuing their rights, and (3) there was misconduct by the Department. *Kingery*, 132 Wn.2d at 174, 177-78; *Pearson*, 164 Wn. App. at 442-445; *Fields Corp.*, 112 Wn. App. at 459.

Here, Backstein was not entitled to equitable relief. Like in, *Kingery* and *Pearson*, and unlike in *Fields Corp.*, Backstein was competent and there were no circumstances beyond his control. *Kingery*, 132 Wn.2d at 174, 177-78; *Pearson*, 164 Wn. App. at 442-445; *Fields Corp.*, 112 Wn. App. at 459. More importantly, Backstein was not diligent in pursuing his rights. He did not protest until more than 10 months after the rejection order was sent and did not appeal for more than a year. Backstein does not adequately explain, nor does the record reveal, why it took him more than 10 months to file his protest, and over a year for him to appeal the December 12, 2018 rejection order.[5] It is undisputed that the Department sent the rejection order to Backstein at his last known address and his physician on December 12, 2018. The rejection order explicitly stated that Backstein had 60 days to appeal the Department's decision. He did not do so until January 6, 2020. We conclude that Backstein was not diligent in pursuing his rights. Lastly, the Department did not engage in any misconduct because it complied with RCW 51.04.080 by sending the rejection order to Backstein. RCW 51.04.080. The Department did not have the authority, under RCW 51.04.080, to send the notice to Backstein's attorney.

---

[5] Backstein stated in his deposition that his attorneys took care of the fourth claim, BC-21081, and he did not know if his claim had been denied. He guessed that BC-21081 had been denied, but he did not know. Backstein indicated that he had a very complex claim and medical history so he let his attorneys take care of it for him. The fact that the Department asked Backstein about whether Backstein knew if his claim was pending or had been denied demonstrates that Backstein was put on further notice regarding the denial of his fourth claim during the deposition on May 29, 2019, even assuming *arguendo* that he never received the Department's December 12, 2018 order that was sent to Backstein's last known address. Backstein was not diligent in pursuing his fourth claim.

Backstein argues that the court's interpretation of the IIA must be guided by policy considerations. He contends that the policy of the IIA is remedial in nature and must be liberally construed in favor of the injured worker. He quotes *Boeing Co. v. Heidy*, where the court stated that, " 'All doubts about the meaning of the [IIA] must be resolved in favor of workers.' " Br. of Resp't at 6 (alteration in original) (quoting *Boeing Co. v. Heidy*, 147 Wn.2d 78, 51 P.3d 793 (2002)). It is true that in general, the statute must be read in a manner consistent with its stated purpose. *Birgen*, 186 Wn. App. at 862. However, the IIA's liberal construction requirement must be applied in conjunction with the court's ultimate goal of carrying out legislative intent by giving effect to the legislature's statutory language. *Id.* More importantly, here there is no doubt or confusion, about the plain meaning and requirements of RCW 51.04.080, RCW 51.52.050, and RCW 51.52.060.

The plain language of RCW 51.04.080 demonstrates that the legislature intended that a claimant provide written notice to the Department of a change in address for each claim that the claimant wanted their representative to receive future notices, orders, and payments. Moreover, the plain language of RCW 51.52.050 and RCW 51.52.060 demonstrate that the legislature intended that the failure to appeal an order within 60 days makes the order final. We refrain from giving liberal construction to the statutes that would be contrary to their plain language. *Id.*

Therefore, we hold that the superior court erred by ruling that the Department's failure to serve a copy of the rejection order on Backstein's attorney amounted to a substantial injustice where Backstein did not follow the written procedure under RCW 51.04.080. We also hold that the superior court erred in concluding that Backstein's protest and appeal of the Department's

rejection order were timely because he did not protest or appeal within the 60-day statutory requirement.

## ATTORNEY FEES

Backstein devotes one sentence in his brief to request attorney fees pursuant to RAP 18.1, RCW 51.52.130, and RCW 51.32.185.[6]

RCW 51.52.130(1) provides, in pertinent part, "If, on appeal to the . . . appellate court from the decision and order of the [B]oard, said decision and order is reversed or modified . . . a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court." We deny Backstein's request for attorney fees based on RCW 51.52.130 because we reverse the superior court's order, which reversed the decision and order of the Board dismissing Backstein's appeal.

RCW 51.32.185(9)(b) provides in relevant part, "When a determination involving the presumption established in this section is appealed to any court and the final decision allows the claim for benefits, the court shall order that all reasonable costs of the appeal, including attorney fees . . . be paid to the firefighter." We also reject Backstein's request for attorney fees pursuant to RCW 51.32.185. The Board did not address the firefighter presumption because it dismissed Backstein's appeal on procedural grounds. The superior court's order reversing the Board's decision did not allow Backstein's claim for benefits, it merely eliminated the procedural hurdle barring Backstein from proceeding with his claim.

---

[6] RCW 51.32.185 was amended in 2019. *See* LAWS OF 2019, ch. 133, § 1. Because the amendment does not impact our analysis, we cite to the current version of the statute.

No. 57538-8-II

Because we reverse the superior court's order, which reversed the decision and order of the Board dismissing Backstein's appeal, we reject Backstein's request for attorney fees on appeal.[7]

CONCLUSION

We reverse the superior court's order, and remand with instructions to reinstate the Board's April 14, 2021 order dismissing Backstein's appeal on claim BC-21081.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, J.

VELJACIC, J.

---

[7] The Department filed an amended notice of appeal challenging the attorney fee award to Backstein at the superior court, but did not assign error to, brief, or argue this issue. Consequently, we do not consider it.